By the Court.
 

 The decision in this case would follow the decision in the case of
 
 Angell
 
 v.
 
 City of Toledo, ante,
 
 179, decided this day, were it not for the amendment to the charter of the city of Dayton whereby in Section 171 thereof such charter was supplemented and amended.
 

 Under Section 1 of the Dayton charter it is provided in part:
 

 “The inhabitants of the city of Dayton * * * as such shall have perpetual succession; * * * may assess, levy and collect taxes for general and special purposes on all the subjects or objects which the city may lawfully tax * *
 

 Section 171 of the charter, approved by the voters
 
 *189
 
 of the city of Dayton on November 6,1945, provides as follows:
 

 ‘ ‘ The City Commission is hereby granted the authority, without a vote of the people, to levy taxes upon the tax lists or duplicates of property assessed and listed for taxation according to value for all the purposes of the city of Dayton, its boards, departments and institutions, in amounts not in excess of the following total maximum levies for the years specified, to wit:
 

 “Eight and one-half (8%) mills on each dollar of assessed valuation on the tax list or duplicate for the years 1945 to 1950, both inclusive (for the purposes of the fiscal years 1946 to 1951, both inclusive);
 

 “Nine (9) mills on each dollar of assessed valuation on the tax list or duplicate for the years 1951 and 1952 (for the purposes of the fiscal years 1952 and 1953);
 

 “Ten (10) mills on each dollar of assessed valuation on the tax list or duplicate for the year 1953 and all years thereafter (for the purposes of the fiscal year 1954 and all years thereafter).
 

 “Out of said total maximum levy for each of said years, an amount shall annually be levied sufficient to pay the interest, sinking fund and retirement charges on all bonds and notes of the city of Dayton heretofore or hereafter authorized to be issued without the authority of the electors, which levy shall be placed before and in preference to all other levies and for the full amount thereof. Of the remaining portion of said total maximum levy, commencing with the levy against the tax list or duplicate for the year 1945 and continuing thereafter, an amount not exceeding five (5) mills may be levied annually for the general fund of said city.
 

 “The City Commission, without a vote of the people, may not authorize any tax levy or levies for permanent improvements other than those which may be made within the five (5) mills levy for the general
 
 *190
 
 fund, as set forth in the fifth paragraph of this section, if such levy or levies will increase the total levies for all city purposes, inclusive of all levies to pay the interest, sinking fund and retirement charges on all unvoted bonds and notes of the city of Dayton and those voted bonds heretofore, or hereafter issued pursuant to vote of the electors at any election held prior to Nor vember 15, 1945, beyond eight and one-half (8%) mills for the tax years 1945 to 1950, nine (9) mills for the tax years 1951 and 1952, and ten (10) mills for the tax year 1953 and all years thereafter.
 

 “Unless authorized and approved by a vote of the electors conformably with the general laws of this state, the City Commission shall levy no tax outside of the limitations set forth in this section. Provided, however, that the City Commission shall .annually levy, to the extent necessary, outside the limitations provided in this charter and by general law a sufficient sum to pay the interest, sinking fund and retirement charges on all bonds and notes of the city of Dayton heretofore or hereafter lawfully issued, the tax for which by general law or by this charter has been or shall be authorized to be levied outside of tax limitations.
 

 “This section shall take effect and be in force as of the date of the certification to the Secretary of State by the board of elections, for the purpose of fixing the tax rate upon the tax list or duplicate for the year 1945 and all years thereafter. ’ ’
 

 On behalf of the city it is argued that this amendment pertains solely and is applicable only to ad valorem taxes. It is true that most of the amendment does apply to ad valorem taxes, but the language, “unless authorized and approved by a vote of the electors conformably with the general laws of this state, the City Commission shall levy no tax outside of the limitations set forth in this section,” is broad and we are
 
 *191
 
 of the opinion that a court should construe strictly the charter powers conferred upon a municipality to levy taxes. In other words, where the authority of the municipality is ambiguous it is our duty to construe it strictly against the taxing authorities and in favor of the taxpayer.
 

 We have carefully examined the claimed authorities submitted on behalf of the city of Dayton and are of the opinion that none of them can be accepted as showing the way to holding Ordinance No. 16614, in question, valid, as it has not been approved by a vote of the people of the city of Dayton.
 

 Therefore, the judgment of the Court of Appeals is reversed and final judgment rendered for appellants.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.